# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| § | **CASE NUMBER 1:14-CR-00065-MAC** |
| **v.** § § § § | |
| **RUSSELL LEON JOHNSON III (2),** § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 27, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Russell Leon Johnson, III. The government was represented Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams of More of Actual Methamphetamine, a Class A felony. This offense carried statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. On November 25, 2015, U.S. District Judge Marcia Crone sentenced Defendant to 130 months imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment, and mental health treatment. On October 6, 2023, Defendant completed his period of imprisonment and began service of the supervision term. Thereafter, Defendant's conditions of supervised release were

modified to include placement in a residential reentry center and mental health medication monitoring.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 27, 2023 when he tested positive for methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 15 months imprisonment with two years of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 15 months imprisonment with two years of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana or Seagoville, Texas, if available, and drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of August, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE