**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 1:14-CR-00065-MAC-CLS-2** |
| **v.** | § | |
| | § | |
| | § | |
| **RUSSELL LEON JOHNSON III,** | § | |
| | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 29, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Russell Leon Johnson, III. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by David Barlow, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Actual Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. On November 25, 2015, U.S. District Judge Marcia A. Crone of the Eastern District of Texas sentenced Defendant to 130 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse testing and treatment, and mental health treatment. On March 21, 2023, the conditions of Defendant's supervised release were modified to include placement in a residential

1

reentry center. On October 6, 2023, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Beaumont Division.

On October 16, 2023, the conditions of Defendant's supervised release were modified to include mental health medication monitoring. On August 30, 2024, Defendant's term of supervised release was revoked, and he was sentenced to a period of 15 months of imprisonment followed by a 2-year term of supervised release. On August 29, 2025, the conditions of Defendant's supervised release were modified to include placement in a residential reentry center. On September 16, 2025, Defendant completed his period of imprisonment and began service of his second supervision term in the Eastern District of Texas, Beaumont Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 3 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about September 16, 2025; September 25, 2025; October 1, 2025; October 6, 2025; and October 17, 2025 when Defendant tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, as evidenced by Defendant's positive drug tests, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using a controlled substance, asserted as Allegation 3 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 12 months, with no period of supervised release to follow, to be served consecutively to the state sentence imposed in Case No. 26-0015X in the 71st District Court of Harrison County, Texas.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 3 be accepted and that he be imprisoned for a term of 12 months, with no period of supervised release to follow, to be served consecutively to the state sentence imposed in Case No. 26-0015X in the 71st District Court of Harrison County, Texas. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE